# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-063-MOC-DCK

| | |
|---|---|
| LEE JOHNSON, | ) |
|     Plaintiff, | ) |
| v. | )   **ORDER** |
| EXPERIAN a/k/a EXPERIAN INFORMATION SOLUTIONS, INC.; EXPERIAN a/k/a EXPERIAN HOLDINGS, INC.; EXPERIAN a/k/a EXPERIAN NORTH AMERICA INC.; and MERIMAC CAPITAL is a division of FIRST AMERICAN PAYMENT SYSTEMS, LP; MERIMAC CAPITAL; FIRST AMERICAN PAYMENT SYSTEMS, LP; | ) |
|     Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendant First American Payment Systems, LP d/b/a Merimac Capital's "Motion To Compel Arbitration" (Document No. 6) filed March 1, 2019. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is now ripe for disposition. Having carefully considered the motion and the record, the undersigned will deny the motion.

Plaintiff Lee Johnson ("Plaintiff"), appearing *pro se*, commenced this action with the filing of a *pro se* "Complaint" (Document No. 1) on February 27, 2019. The Complaint asserts claims for violation of the Fair Credit Reporting Act ("FCRA"), unfair and deceptive trade practices, and breach of contract. (Document No. 1). "Defendant Experian's Answer And Affirmative Defenses To Plaintiff's Complaint" (Document No. 4) was filed on March 1, 2019.

The pending "Motion To Compel Arbitration" (Document No. 6) was also filed March 1, 2019. Movants contend that Plaintiff's claims are subject to an Arbitration Agreement and that this Court should compel Plaintiff to submit his claims to arbitration, and dismiss Plaintiff's claims against it. (Document No. 6).

To date, *pro se* Plaintiff has failed to directly respond to the pending motion; however, Plaintiff did file a "Stipulation To Dismiss…" (Document No. 8) regarding the First American Payment Systems, LP and Merimac Capital Defendants on March 12, 2019. Although Plaintiff's "Stipulation…" cites Fed.R.Civ.P. 41(a)(1)(A)(ii), the Court has construed the motion as a voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(1)(A)(i), and thus terminated this lawsuit against Merimac Capital and First American Payment Systems, LP on March 12, 2019.

Based on the foregoing, the undersigned finds that Defendant First American Payment Systems, LP d/b/a Merimac Capital's "Motion To Compel Arbitration" (Document No. 6) should be denied as moot.

**IT IS, THEREFORE, ORDERED** that Defendant First American Payment Systems, LP d/b/a Merimac Capital's "Motion To Compel Arbitration" (Document No. 6) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff may file an Amended Complaint, on or before **April 15, 2019**.

**IT IS FURTHER ORDERED** that Plaintiff and Defendant Experian shall conduct an Initial Attorney's Conference, and file a Certificate of Initial Attorney's Conference pursuant to Local Rule 16.1, on or before **May 1, 2019**.

**SO ORDERED**.

Signed: April 1, 2019

David C. Keesler
United States Magistrate Judge